IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

THOMAS ERNST AKYAR                                                      PLAINTIFF

VS.                    CASE NO. 1-02-CV-00060 SWW

LIFE PLUS INTERNATIONAL, INC.                                           DEFENDANT

## MOTION TO DISMISS

Comes LIFE PLUS INTERNATIONAL, an Arkansas general partnership, by and through its attorneys, GILL ELROD RAGON OWEN & SHERMAN, P.A., NEAL, GERBER & EISENBERG, and JOANN UNDERWOOD, P.A. and moves pursuant to Rule 12(b)(1), Fed. R. Civ. P. that the Complaint be dismissed for want of subject matter jurisdiction, stating as follows:

1.  The Complaint purports to state a cause of action under section 107 of the Arkansas Civil Rights Act of 1993, Ark. Code Ann. 16-123-107. However, the Complaint makes no material allegation sufficient to confer standing under the Arkansas statute. Indeed, the allegations indicate that none of the matters complained of occurred in Arkansas, and that Plaintiff suffered no injury in Arkansas.

2.  Plaintiff admits in his Complaint that he "is, and at all times relevant to the matters alleged in [his] Complaint was, an individual citizen of Germany." Complaint, ¶ 3. It is clear from the allegations appearing on the face of the Complaint, as well as in the documents referred to in the Complaint, that the contractual relationship that is the subject of the Complaint was based outside of the United States and that the alleged discriminatory termination of that contract occurred outside of the United States. Plaintiff was in Germany when the alleged discrimination occurred. Plaintiff further alleges Life Plus Europe, Ltd., a European company,

sent him the alleged termination letter. See Affidavit of Robert E. Christian attached hereto as Exhibit 1.

3. The Arkansas Civil Rights Act of 1993 does not apply extraterritorially to afford protection to citizens of foreign nations against alleged discrimination occurring in foreign nations.

4. Plaintiff therefore lacks standing to assert a claim under the Arkansas Civil Rights Act of 1993, and this court lacks subject matter jurisdiction of the cause presented in the Complaint.

WHEREFORE, Life Plus International requests the Complaint be dismissed; that this Court award Life Plus International its expenses to defend this action, including a reasonable attorney's fee, and all other just and proper relief to which it is entitled.

Respectfully submitted,

GILL ELROD RAGON
OWEN & SHERMAN, P.A.
425 West Capitol Avenue, Suite 3801
Little Rock, Arkansas 72201
(501) 376-3800

By: _____
John P. Gill (ABA #62007)
Derrick Davidson (ABA # 90214)

OF COUNSEL:
Stephen Fedo
NEAL, GERBER & EISENBERG
2 North LaSalle Street
Chicago, Illinois 60602
(312)269-8000

JOANN UNDERWOOD, P.A.
267 E. Main Street
Batesville, Arkansas 72501
(870)698-3571

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served by first class mail, postage prepaid, on the attorney-of-record below on this 20th day of August, 2002:

Spencer F. Robinson, Esquire
Ramsay, Bridgforth, Harrelson and Starling, LLP
P.O. Box 8509
Pine Bluff, Arkansas 71611-8509

_____
Derrick Davidson

Exhibit 1 - Affidavit

STATE OF ARKANSAS )
) SS
COUNTY OF INDEPENDENCE )

## AFFIDAVIT OF ROBERT E. CHRISTIAN

Robert E. Christian, being first duly sworn, deposes and states as follows:

1. I am over 18 years of age and fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and to my knowledge, all of the facts stated herein are true and correct.

2. Life Plus International ("LPI") is an Arkansas general partnership. In my capacity as trustee of the LGA Trust, I am one of the partners in LPI. I have also had a role in the management of LPI. At all times relevant to the Complaint in Case No. 1-02-CV-00060 SWW, LPI developed and sold Life Plus® branded vitamins, minerals and nutritional supplements and, under other related brands, personal care and home care products (collectively, "Life Plus® Products"). LPI was the owner of the Life Plus® Product trademarks and all other intellectual property associated with those products and the selling of them.

3. Life Plus Europe Ltd. ("LP Europe") is a corporation located in and existing under the laws of the United Kingdom. LP Europe is the master licensed distributor of Life Plus® Products in Europe. LP Europe distributes Life Plus® Products through independent contractors with whom LP Europe contracts in accordance with the respective laws applicable to each contractor's territory. Neither LP Europe nor LPI is owned or controlled by the other.

4. Thomas Ernst Akyar ("Plaintiff") became an independent contractor for LP Europe in the Federal Republic of Germany in or about 1995. The agreement between LP Europe and Plaintiff was unwritten, and the relationship was subject to LP Europe's policies and procedures as well as the labor and commercial codes of the Federal Republic of Germany.

EXHIBIT 1

Plaintiff's sale of Life Plus® Products was authorized pursuant to his agreement with LP Europe and only pursuant to that agreement.

5.  As the owner of the Life Plus® Product trademarks, LPI developed and administered various incentive programs that were implemented through distributors and contractors worldwide. One such incentive program was Diamond Bonus membership, which was offered as a reward to productive contractors with high sales volumes. Diamond Bonus membership does not supersede or take the place of a contractor's original contract with a regional distributor, such as LP Europe. A contractor must remain in good standing with a regional distributor under his or her local agreement to maintain Diamond Bonus membership.

6.  Plaintiff became a Diamond Bonus member in 2000 and was paid all bonus commissions he earned in accordance with the program's terms. LPI was informed by LP Europe that Plaintiff's contractual relationship with LP Europe terminated in July 2001.

_____
Robert E. Christian

SUBSCRIBED AND SWORN TO BEFORE ME
on this _____14TH_____ day of August 2002
**[NOTARY SIGNATURE AND SEAL]**

NGEDOCS:765365.1

_____
COMMISSION EXPIRES AUGUST 23, 2005

