FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 22 2002

JAMES W. McCORMACK, CLER
By:_____
                    DEP CLK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

THOMAS ERNST AKYAR                                           PLAINTIFF

VS.                  CASE NO. 1-02-CV-00060 SWW

LIFE PLUS INTERNATIONAL, INC.                                DEFENDANT

### REPLY TO PLAINTIFF'S
### BRIEF IN OPPOSITION TO MOTION TO DISMISS

Plaintiff may have claimed all the necessary elements to invoke 28 U.S.C § 1332(a)(2) as to diversity of citizenship, but Plaintiff lacks standing to maintain an action under the Arkansas Civil Rights Act. The allegations appearing on the face of the complaint do not limit the Court's inquiry in deciding a motion under Rule 12(b)(1), and the Court may consider matters outside the pleadings in making its decision. *Osborne v. United States*, 918 F.2d 724, 728-29 (8th Cir. 1990). The Court must in all events satisfy itself that it has subject matter jurisdiction, regardless of diversity, and under Rule 12(b)(1) the Court is not constrained to read the allegations in the light most favorable to the pleader, as under Rule 12(b)(6), or to deny the motion where there may be a triable question of fact, as under Rule 56. The Court may decide a Rule 12(b)(1) motion on disputed factual issues. *Id.* at 729-30, citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977), and *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986).

Diversity notwithstanding, Plaintiff lacks standing to maintain an action under the Arkansas Civil Rights Act and, pursuant to Rule 12(b)(1), Fed. R. Civ. P., the Court should dismiss his Complaint for want of subject matter jurisdiction. The Eighth Circuit Court of Appeals has recently held that "if a plaintiff lacks standing, the district court has no subject

matter jurisdiction. Therefore, a standing argument implicates Rule 12(b)(1)." *Faibisch v. Univ. of Minnesota,* 2002 WL 31094786, *8, 304 F.3d 797 (8th Cir. 2002).

Plaintiff is requesting relief from the Arkansas Civil Rights Act, even though he is not a resident of this state nor of this country, and all of the alleged actions occurred well beyond not only this state's own territorial limits but the country's territorial limits. Nothing in the Arkansas Civil Rights Act suggests the Arkansas General Assembly intended to apply its provisions in foreign countries, and no court has ever given the Arkansas Civil Rights Act or any comparable statute the kind of limitless extraterritorial application demanded by Plaintiff. As stated in Defendant's Brief in Support of Motion to Dismiss, the one pronouncement of the Arkansas Supreme Court limits the Arkansas Act's reach to "citizens of this State." *Flentje v. First Nat. Bank of Wynne,* 340 Ark. 563, 11 S.W.3d 531 (2000). Moreover, the Supreme Court has held that "ordinarily statutes have no effect except within the state's own territorial limits." *Widmer v. Wood,* 243 Ark. 457, 459, 420 S.W.2d 828, 830 (1967) (citing *Meekings v. Meekings,* 169 Ark. 265, 275 S.W. 337 (1925)).

A U.S. District Court is a court of limited jurisdiction which can only hear cases when the Plaintiff has standing. Plaintiff lacks standing to maintain an action under the Arkansas Civil Rights Act, and pursuant to Rule 12(b)(1), Fed. R. Civ. P., the Court should dismiss his Complaint for want of subject matter jurisdiction.

        Respectfully submitted,

        GILL ELROD RAGON OWEN
        & SHERMAN, P.A.
        425 West Capitol, Suite 3801
        Little Rock, Arkansas 72201
        (501) 376-3800

By: _____
John P. Gill          ABA # 62007
Derrick Davidson    ABA #90214

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served by first class mail, postage prepaid, on the attorney of record below on October 22nd, 2002:

Spencer F. Robinson
Ramsay, Bridgeforth, Harrelson and
 Starling, L.L.P.
P.O. Box 8509
Pine Bluff, AR  71611-8509

Stephen Fedo
NEAL, GERBER & EISENBERG
2 North LaSalle Street
Chicago, Illinois 60602

JOANN UNDERWOOD, P.A.
267 East Main Street
Batesville, Arkansas 72501

_____
Derrick Davidson