IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

THOMAS ERNST AKYAR                                                    PLAINTIFF

VS.                    CASE NO. 1-02-CV-00060 SWW

LIFE PLUS INTERNATIONAL, INC.                                         DEFENDANT

## MOTION TO DISMISS

Comes LIFE PLUS INTERNATIONAL, an Arkansas general partnership, by and through its attorneys, GILL ELROD RAGON OWEN & SHERMAN, P.A., NEAL, GERBER & EISENBERG, and JOANN UNDERWOOD, P.A. and moves that the First Amended Complaint be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and, alternatively, on grounds of *forum non conveniens*, and for its motion states:

### Motion to Dismiss
### the First Cause of Action in the
### First Amended Complaint pursuant to Rule 12(b)(1)

1.   The First Amended Complaint purports to state a cause of action under section 107 of the Arkansas Civil Rights Act of 1993, Ark. Code Ann. 16-123-107. However, the First Amended Complaint makes no material allegation sufficient to confer standing under the Arkansas statute. Indeed, the allegations indicate that none of the matters complained of occurred in Arkansas, and that Plaintiff suffered no injury in Arkansas. Thus, Plaintiff presents no case or controversy that this Court has the power to adjudicate under Article III of the United States Constitution.

2. Plaintiff admits in his First Amended Complaint that he "is, and at all times relevant to the matters alleged in [his] First Amended Complaint was, an individual citizen of Germany." First Amended Complaint, ¶ 3. It is clear from the allegations appearing on the face of the First Amended Complaint, as well as in the documents referred to in the First Amended Complaint, that the contractual relationship that is the subject of the First Amended Complaint was based outside of the United States and that the alleged discriminatory termination of that contract occurred outside of the United States. Plaintiff was in Germany when the alleged discrimination occurred. Plaintiff further alleges Life Plus Europe, Ltd., a British company, sent him the alleged termination letter. See a copy of the Affidavit of Robert E. Christian attached hereto as Exhibit 1; the original of Mr. Christian's Affidavit was attached as Exhibit 1 to Life Plus's Motion to Dismiss the original Complaint in this case.

3. The Arkansas Civil Rights Act of 1993 does not apply extraterritorially to afford protection to citizens of foreign nations against alleged discrimination occurring in foreign nations.

4. Plaintiff therefore lacks standing to assert a claim under the Arkansas Civil Rights Act of 1993, and this court lacks subject matter jurisdiction of the cause presented in the First Amended Complaint.

### Motion to Dismiss the First Amended Complaint pursuant to Rule 12(b)(6)

5. The grievances asserted in the First Amended Complaint balance on the legal conclusion that Life Plus Europe is the "agent or alter-ego" of Life Plus International. Minus that legal conclusion, the entire First Amended Complaint fails.

And while this Court must accept as true all facts plead by Plaintiff, this Court need not accept as true Plaintiff's legal conclusions for purposes of deciding this motion.

6. The First Amended Complaint fails to state a even a single fact supporting Plaintiff's legal conclusion that Life Plus Europe is the "agent or alter-ego" of Life Plus International. Because Plaintiff has insufficiently alleged that Life Plus Europe is the agent or alter-ego of Life Plus International, Life Plus Europe's alleged actions cannot be attributed to Life Plus International, and the First Amended Complaint must be dismissed.

7. In addition, the Second and Third Causes of Action in the First Amended Complaint, which allege that LP Europe terminated its contract with Plaintiff "because of his religion," do not state a cause of action under German law, which governs the contract at issue. German law does not recognize Scientology as a religion, and Plaintiff's affiliation with Scientology is not protected under German law.

## Motion to Dismiss
## On Grounds of Forum Non Conveniens

8. Alternatively, Life Plus International moves to dismiss this case on grounds of *forum non conveniens*. Plaintiff is a German citizen and resident who complains of the allegedly wrongful termination in Germany of a contract between himself and Life Plus Europe, a British firm. An adequate forum is available to Plaintiff in Germany, and all of the factors identified in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), favor Germany as the appropriate forum for Plaintiff's action.

WHEREFORE, Life Plus International requests the First Amended Complaint be dismissed; that this Court award Life Plus International its expenses to defend this action, including a reasonable attorney's fee, and all other just and proper relief to which it is entitled.

Respectfully submitted,

GILL ELROD RAGON
OWEN & SHERMAN, P.A.
425 West Capitol Avenue, Suite 3801
Little Rock, Arkansas 72201
(501) 376-3800

By: _____
John P. Gill (ABA #62007)
Derrick Davidson (ABA # 90214)

OF COUNSEL:
Stephen Fedo
NEAL, GERBER & EISENBERG
2 North LaSalle Street
Chicago, Illinois 60602
(312)269-8000

JOANN UNDERWOOD, P.A.
267 E. Main Street
Batesville, Arkansas 72501
(870)698-3571

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served by first class mail, postage prepaid, on the attorney-of-record below on this 4th day of November, 2002:

Spencer F. Robinson, Esquire
Ramsay, Bridgforth, Harrelson and Starling, LLP
P.O. Box 8509
Pine Bluff, Arkansas 71611-8509

Kendrick Moxon
Moxon & Kobrin
3055 Wilshire Blvd., Suite 900
Los Angeles, California 90010

_____
Derrick Davidson


Exhibit 1 —   Copy of Affidavit of Robert E. Christian

STATE OF ARKANSAS )
 ) SS
COUNTY OF INDEPENDENCE )

## AFFIDAVIT OF ROBERT E. CHRISTIAN

Robert E. Christian, being first duly sworn, deposes and states as follows:

1. I am over 18 years of age and fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and to my knowledge, all of the facts stated herein are true and correct.

2. Life Plus International ("LPI") is an Arkansas general partnership. In my capacity as trustee of the LGA Trust, I am one of the partners in LPI. I have also had a role in the management of LPI. At all times relevant to the Complaint in Case No. 1-02-CV-00060 SWW, LPI developed and sold Life Plus® branded vitamins, minerals and nutritional supplements and, under other related brands, personal care and home care products (collectively, "Life Plus® Products"). LPI was the owner of the Life Plus® Product trademarks and all other intellectual property associated with those products and the selling of them.

3. Life Plus Europe Ltd. ("LP Europe") is a corporation located in and existing under the laws of the United Kingdom. LP Europe is the master licensed distributor of Life Plus® Products in Europe. LP Europe distributes Life Plus® Products through independent contractors with whom LP Europe contracts in accordance with the respective laws applicable to each contractor's territory. Neither LP Europe nor LPI is owned or controlled by the other.

4. Thomas Ernst Akyar ("Plaintiff") became an independent contractor for LP Europe in the Federal Republic of Germany in or about 1995. The agreement between LP Europe and Plaintiff was unwritten, and the relationship was subject to LP Europe's policies and procedures as well as the labor and commercial codes of the Federal Republic of Germany.

**EXHIBIT 1**

Plaintiff's sale of Life Plus® Products was authorized pursuant to his agreement with LP Europe and only pursuant to that agreement.

5. As the owner of the Life Plus® Product trademarks, LPI developed and administered various incentive programs that were implemented through distributors and contractors worldwide. One such incentive program was Diamond Bonus membership, which was offered as a reward to productive contractors with high sales volumes. Diamond Bonus membership does not supersede or take the place of a contractor's original contract with a regional distributor, such as LP Europe. A contractor must remain in good standing with a regional distributor under his or her local agreement to maintain Diamond Bonus membership.

6. Plaintiff became a Diamond Bonus member in 2000 and was paid all bonus commissions he earned in accordance with the program's terms. LPI was informed by LP Europe that Plaintiff's contractual relationship with LP Europe terminated in July 2001.

                                              Robert E. Christian

SUBSCRIBED AND SWORN TO BEFORE ME
on this __14TH__ day of August 2002
**[NOTARY SIGNATURE AND SEAL]**

NGEDOCS:765365.1

COMMISSION EXPIRES AUGUST 23, 2005

