IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

THOMAS ERNST AKYAR                                                    PLAINTIFF

VS.                          CASE NO. 1-02-CV-00060 SWW

LIFE PLUS INTERNATIONAL, INC.                                        DEFENDANT

## AGREED FED. R. CIV. P. 26(f) REPORT

The parties submit the following information as required by Fed. R. Civ. P. 26(f) and Local

Rule 26.1:

1.      Any changes in timing, form, or requirements of mandatory disclosures under Fed. R.

Civ. P. 26(a).

Plaintiff's response:   No.

Defendant's response: Yes. Plaintiff's primary claim presumes that the Arkansas Civil Rights

Act extends protections to German citizens and residents for contractual relationships made and

performed in Germany.  Furthermore, all of Plaintiff's claims hinge on whether a British company is

the alter-ego of the Defendant.  In view of the pending Motion to Dismiss, there are serious questions

about whether Plaintiff will be entitled to proceed further in this case, and to whatever extent any of

Plaintiff's claims may survive Defendant's Motion to Dismiss, the international scope of the case

will require extensive discovery in the United Kingdom, the Republic of Germany and the United

States. Because such discovery is likely to be extremely costly and time-consuming, and because the

Motion to Dismiss may obviate discovery entirely or in part, it would be premature, prior to the

Court's decision on the Motion, to proceed with development and execution of a comprehensive

discovery plan with respect to all the persons and documents that are either relevant or may lead to

the discovery of relevant information in this case.  Accordingly, Defendant respectfully requests that the Court defer the 26(a) initial disclosures and the discovery process until the Motion to Dismiss has been decided.

2.      Date when mandatory disclosures were or will be made.

Plaintiff's response:    Four weeks.

Defendant's response: See Response to item 1(above).

3.      Subjects on which discovery may be needed.

Plaintiff's response:    Plaintiff will seek discovery concerning the relationship between Life Plus International and its European offices; the bases for the beach of contract; the bases for discrimination against plaintiff; financial information demonstrating control of European offices and salespersons by defendant; financial information concerning the relationship with Mr. Ernst-Akyar and his "downline" salespersons and "upline" representatives; and other issues regarding the complaint and defenses

Defendant's response: Defendant will seek information concerning all aspects of Plaintiff's activities as it relates to Plaintiff's obligation to perform under the contractual relationships referenced in the Complaint and First Amended Complaint; all information upon which Plaintiff bases his allegations in the Complaint and First Amended Complaint; information from associates, representatives and agents that have conducted business with Plaintiff; and all documents and other tangible evidence that is relevant or may lead to the discovery of matters relevant to Plaintiff's claim and Life Plus International's defense.

4.      Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.

Response:      The parties anticipate seeking disclosure of electronic or computer-based

media. As such, the parties further state:

(a)    whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

Response:    It is anticipated that the sought disclosures will be data reasonably available to the parties in the ordinary course of business, but because of the nature of the allegations, disclosures may become necessary beyond what is reasonably available to the parties in the ordinary course of business.

(b)    the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;

Response:    The parties are unable to determine if such production will be required, but if such production becomes necessary, the parties will timely inform the Court.

(c)    the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;

Response:    Information that is stored electronically will be provided in the format in which it is ordinarily kept.

(d)    whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

Response:    Unknown. Parties specifically request that all potentially discoverable data be preserved from alteration or destruction in the ordinary course of business or otherwise.

(e)    other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

Response: None at this time.

5.    Date by which discovery should be completed.

Response:    August 6, 2003.

6.    Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.

Response:    None at this time.

7.    Any Orders, e.g., protective orders, which should be entered.

Response:    The parties contemplate agreement to the terms of a Protective Order that will

be presented to the Court for its review and entry. In the event the parties are unable to agree to the terms of a Protective Order, Life Plus International will request the Court enter such an Order.  The parties agree that Life Plus International will be under no obligation to produce any confidential or proprietary information in discovery or otherwise prior to the entry of a Protective Order.

8.    Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.

Plaintiff's response:   No.

Defendant's response: See response to Item 1 (above).

9.    Any objections to the proposed trial date.

Response:    No.

10.   Proposed deadline for joining other parties and amending pleadings.

Response:    July 6, 2003.

11.   Proposed deadline for filing motions.

Response:    August 13, 2003.

GILL ELROD RAGON OWEN & SHERMAN, P.A.
425 West Capitol Avenue, Suite 3801
Little Rock, Arkansas 72201
(501) 376-3800

By: _____
John P. Gill (ABA #62007)
Derrick Davidson (ABA # 90214)

MOXON & KOBRIN
3055 Wilshire Blvd., Suite 900
Los Angeles, California 90010

By: _____
Kendrick Moxon

be presented to the Court for its review and entry. In the event the parties are unable to agree to the terms of a Protective Order, Life Plus International will request the Court enter such an Order. The parties agree that Life Plus International will be under no obligation to produce any confidential or proprietary information in discovery or otherwise prior to the entry of a Protective Order.

8.     Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.

Plaintiff's response:   No.

Defendant's response: See response to Item 1 (above).

9.     Any objections to the proposed trial date.

Response:     No.

10.     Proposed deadline for joining other parties and amending pleadings.

Response:     July 6, 2003.

11.     Proposed deadline for filing motions.

Response:     August 13, 2003.

GILL ELROD RAGON OWEN & SHERMAN, P.A.
425 West Capitol Avenue, Suite 3801
Little Rock, Arkansas 72201
(501) 376-3800

By:_____
       John P. Gill (ABA #62007)
       Derrick Davidson (ABA #90214)

MOXON & KOBRIN
3055 Wilshire Blvd., Suite 900
Los Angeles, California 90010

By:_____
       Kendrick Moxon

OF COUNSEL:
Stephen Fedo
NEAL, GERBER & EISENBERG
Two North LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 269-8000

JOANN UNDERWOOD, P.A.
267 E. Main Street
Batesville, Arkansas 72501
(870) 698-3571

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing pleading was served by first class mail, postage prepaid, on the attorneys of record below on this 8th day of November, 2002:

Spencer F. Robinson, Esquire
Ramsay, Bridgforth, Harrelson and Starling, LLP
P.O. Box 8509
Pine Bluff, Arkansas 71611-8509

Kendrick Moxon
Moxon & Kobrin
3055 Wilshire Blvd., Suite 900
Los Angeles, California 90010

Derrick Davidson